Opinion delivered June 7, 1884.

---

Austin Term, 1886.

No. 3986

Ross Hyburn v. The State.

Practice—Postponement—New Trial.—See the opinion for the substance of proof set forth in an application for a postponement or a continuance, which is *held* to be material, and therefore the trial court notwithstanding the sufficient showing of diligence, having in the first instance erroneously refused the application, erred in refusing to grant a new trial.

Appeal from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The conviction in this case was for an assault with intent to rape Mrs. Jane Cain, in Travis county, Texas, on the third day of April, 1885. The penalty assessed was a term of three years in the penitentiary.

According to the statement of the prosecutrix—the only witness who testified to any material fact—the defendant and the husband of the prosecutrix, at the time alleged in the indictment, were teamsters in the employ of Doctor J. Cummings, and kept their wagons and teams in the yard near the house occupied by the witness and her husband. On the night of the day alleged in the indictment, and before witness's husband had come to the house, but while he was in the lot attending to his team, the defendant knocked at witness's door. Under the

impression that her visitor was a neighbor, the witness opened the door, and discovered and recognized the defendant. Defendant said to witness: "Come nearer; I want to speak to you. I want to tell you something." Witness replied: "You are a negro. It is night, and I don't want to talk to you. Go away." Defendant replied that he had come to have carnal knowledge of witness (using the vulgar term), and that he was going to do it. He then caught at the witness, who only escaped him by stepping back and closing the door. Defendant then said to witness that she had better keep her mouth shut; that silence was better for both her and her husband. No person other than witness was in the house at the time. A second room in the house was occupied by Mr. Wallace and Mr. Peebles, but neither of those gentlemen was in the house at that time. This assault occurred on Friday night. Witness did not tell her husband about it until the following Sunday, being restrained by a sense of shame and a fear that it would involve her husband in trouble. She told her mother-in-law on the morning after the assault, and made complaint on the following Monday. Witness knew of trouble between her husband and defendant prior to the defendant's assault upon her, but did not know the cause of it.

Mrs. Cardenas, the mother of the husband of the prosecutrix, testified, for the State, that the prosecutrix told her of the assault on the morning after it occurred. She told her son on the following day—Sunday—and on Monday went with the prosecutrix to the court house to make complaint.

The State closed.

William Radam testified that the defendant, who was a negro, was in his employ for something more than a year. He was always quiet and polite, and was a good worker. Doctor J. Cummings testified as did Mr. Radam to the general deportment of the defendant, who had served him at different times during the preceding three or four years. He knew that defendant's reputation was that of a hard working, polite and unobtrusive negro. Neither of the witnesses knew how defendant spent his nights.

No brief for the appellant has reached the Reporters.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant made an alternative application on the day of trial for a postponement or a continu-

.ance of the cause on account of absent witnesses. Amongst ·other matters it was stated in such application "that on the thirtieth day of March, 1886, that being the day on which defendant's case was reached and called for trial, defendant had his said witnesses called, and, they failing to respond, he at once .applied for in due form of law and had issued an attachment for all of said witnesses (except Peebles), to Travis county, ·Texas, and had said attachment placed in the hands of the .sheriff of said Travis county for immediate service upon said witnesses; that this attachment was issued, after a subpœna .had been issued and served on all of said witnesses, on said March 30, 1886.   Defendant expects to prove by said John Wallace and George Peebles that, at the time of the alleged offense, they were in the same house as the complaining witness, Jane ·Cain, just separated from her by a thin partition wall, and that said Jane Cain knew they were there, Jane Cain, John Wallace and George Peebles being all white and defendant black; that said Wallace and Peebles heard no outcry nor alarm, nor any conversation between Jane Cain and any one else; that an ordinary conversation can be heard from the room in which .Jane Cain was and the said room in which said Wallace and Peebles were."

There can be no question as to the importance and materiality of this testimony.   The absent witness Wallace had never disobeyed a subpœna, and had been served with a new subpœna on the day of trial.   As to him there could be no question of diligence.

We are of opinion the court should have granted a postponement or continuance in the first instance.   Failing to do so, a new trial should have been granted, when this absent testimony was entitled to a second consideration in connection with the other evidence in the case.

Because of error in overruling motion for new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*